McKinney, J.,.
delivered the opinion of tbe Court.
Tbe plaintiff in error, and his brother, Andrew De-lozier, were jointly indicted for an assault. They severed on trial. Andrew was first tried and found guilty. On tbe trial of tbe present defendant, Cromwell Delozier, it was proposed, in bis behalf, to introduce Andrew as a witness. The Court refused to allow this to be done, upon tbe ground that judgment bad not been rendered on tbe verdict against him.
Although there is some conflict of authority upon the point, it is difficult, in principle, to perceive any sound reason why, in a case like .the present, one of several defendants jointly indicted, but tried separately, should be held incompetent as a witness, either before or after trial and' conviction, for a co-defendant. His relation to the case, or the party on trial, may justly affect his credibility, more or less, according to the circumstances of the particular case. But we are at a loss to see any just ground upon which he should be excluded as positively incompetent. But, be Ibis as it may, it is very clear, that it will not do to place it in the power of the Court, by a mere suspension of judgment upon the verdict, without ' any sufficient cause, to hold the party convicted, in a condition which disqualifies *47 him to give evidence for a co-defendant, even if the law were as it seems to have been assumed to- be by the Circuit Judge. Upon that hypothesis, the Court ought to have at once rendered judgment, so as to remove the supposed disability.
On this ground alone the judgment must be reversed.